## THE BARALONG.

### (Circuit Court of Appeals, Second Circuit. May 19, 1909.)

### No. 250.

SHIPPING (§ 132*)—LIABILITY FOR INJURY TO CARGO—EFFECT OF EXCEPTIONS IN BILL OF LADING.

To entitle a shipper to recover for damage to cargo from heat, when liability for such damage is excepted in the bill of lading, the burden rests on him to show that the carrier was negligent in stowing or ventilating the cargo.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 481; Dec. Dig. § 132.*

Burden of proof as to cause of loss or injury to goods shipped by vessel and diligence or negligence of carrier, see note to The Patria, 68 C. C. A. 398.]

Appeal from the District Court of the United States for the Southern District of New York.

Convers & Kirlin (J. Parker Kirlin and John M. Woolsey, of counsel), for appellant.

Robinson, Biddle & Benedict (Roderick Terry, Jr., and Wm. S. Montgomery, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. This case was decided by the District Court in September, 1907, upon the authority of an earlier decision of that court in the case of The St. Quentin, reported in 162 Fed. 883. And we agree with the District Court that the two cases are similar in principle. After careful consideration we are unable to differentiate between them in any material particular favorable to the libelant. Under both bills of lading we think that, in view of the exception of damage from heat, the burden rested upon the libelant to show that the carrier was negligent in stowing or ventilating the cargo or otherwise. This he failed to establish. Indeed, here the evidence goes far toward establishing freedom from negligence on the carrier's part. It follows, therefore, that the same principles which required this court to reverse the decision of the District Court in the case of The St. Quentin, 162 Fed. 883, require us to reverse its decree in the present case.

The decree is reversed, with costs, and the cause remanded, with instructions to dismiss the libel, with costs.

NOTE.—The following is the opinion of Adams, District Judge in the court below:

ADAMS, District Judge. This action was brought by E. E. Androvette, the owner of 189 bags of shellac, against the steamship Baralong, to recover the damages claimed to have been suffered by reason of the delivery of a portion of the shellac in bad order. It was shipped at Calcutta for New York on the 28th of August, 1906, in good order, according to the bill of lading, and delivered, according to the evidence, in damaged condition by some of the shellac being fused and stuck together. The damage was doubtless due to heat and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

unless there was some negligence on the vessel's part, it was protected by a clause in the bill of lading exempting the carrier for damage caused in that way.

It is urged by the libellant that although heat caused the loss, the clause of the bill of lading is ineffective because the heat was caused by the negligence of the vessel in failing to fully ventilate the cargo.

The injured shellac was stowed in the square of one of the hatches. Other shellac stowed in the wings of the ship was uninjured. It is probable that there was a draught in the former which the latter would not be subjected to and that doubtless will account for the damage. This case seems to be similar in principle to The St. Quentin (decided by Judge Holt January 17, 1907) 162 Fed. 884, where it was held that the damage was due to negligence in furnishing insufficient ventilation. The evidence here shows that some of the shellac was blocked when shipped, but probably not injured thereby, the real damage was due to excessive heat in the particular place of stowage of the damaged shellac, which must have been caused by negligence. Although the burden of showing this was upon the libellant in view of the exception, there seems to be no other explanation of the damage than that some negligence existed in the stowage and ventilation, subjecting the shellac to an extraordinary degree of heat. The exception does not suffice to relieve the claimant from responsibility for these deficiencies. The testimony shows that the refuse lac required something like 140 degrees Fahrenheit to make it fuse, while the testimony from the steamer is that the heat to which it was subjected did not at any time exceed 90 degrees. Taking all the testimony into consideration, it sufficiently establishes negligence on the part of the vessel in subjecting the injured lac to a degree of heat which the exception does not cover and which can only be accounted for by negligence.

Decree for libellant, with an order of reference to ascertain the extent of the damages caused by the negligence of the vessel.