## THE ANGELO TOSO.

(District Court, E. D. New York. June 28, 1921.)

**Shipping ⬤◯141 (1, 3)—Vessel held not liable for freezing of lemon cargo.**

A steamship *held* not liable for damage to a cargo of lemons by freezing, where a part was shipped on a bill of lading expressly excepting damage by frost and the remainder on a bill excepting perils of the sea and loss or damage occasioned by causes beyond the carrier's control, and by reason of exceptionally stormy weather the ship was driven from her course, her rudder broken, and she was compelled to make the port of Halifax for repairs, where the freezing occurred without any negligence on her part.

In Admiralty. Suit by Anthony di Gristina against the steamship Angelo Toso; the Societa Nazionale di Navigazione, claimant. Decree for claimant.

Finkler & McEntire, of New York City, for libelant.

Loomis, Barrett & Jones, of New York City, for claimant.

GARVIN, District Judge. A libel has been filed to recover damages sustained as a result of the freezing of lemons, a part of the cargo of the steamship Angelo Toso, which left Palermo, Italy, on November 22, 1919, bound for New York. She stopped at various ports, including Messina. A portion of her cargo consisted of 5,849 boxes of lemons (including the 5,247 boxes referred to in the libel). Of these, 3,843 boxes were shipped at Palermo and 2,006 at Messina. The ship was two years old, in the best of condition, in every respect seaworthy, and in charge of a competent and experienced master. The lemons were packed and stowed in the most approved manner. During the voyage the usual precautions for the care of the cargo were observed. Shortly after the vessel left the Azores, she encountered a most unusual period of heavy weather, such as had never been equaled in the experience of her captain. These weather conditions caused the boat to leak, broke her rudder, and made it necessary for her to seek Halifax, the nearest available port—indeed, the only port toward which she could steer in her disabled condition.

After great difficulty she reached Halifax Bay on or about December 13, where she remained a week or more. There repairs were made as promptly as possible, after which she proceeded to New York. The weather at Halifax was bitterly cold; inasmuch as it appeared that, when the cargo reached New York and was being discharged on lighters, a large part of the lemons proved to be frozen, the conclusion is irresistible that they froze while the boat was being repaired at Halifax, and it is so found. The libelant states in his brief that it is of little consequence where the freezing occurred, in which event this finding is unnecessary.

<hr>

⬤◯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The bill of lading covering the Palermo shipment contained the following clauses:

"1. It is mutually agreed * * * that the company shall not be liable for loss or damage occasioned by * * * frost."

"In addition to the conditions stipulated in the foregoing clauses, especially Nos. 1 and 8, it is mutually agreed that fruit and other cargo liable to be affected by frost or weather conditions, and all perishable goods, are received and carried at the sole risk of the owners thereof, and may be discharged without notice at the ship's convenience, at the sole risk of the owners of the goods from frost or weather or other conditions, and such cargo becoming decayed may be destroyed or otherwise disposed of without notice, before or after arrival without any responsibility being incurred by the company." ·

The bill of lading under which the Messina shipment was made reads in part as follows:

"It is mutually agreed as follows: First. The ship and carrier shall not be liable for loss and damage occasioned by perils of the sea or other water, * * * breakage of shafts * * * or other accidents of navigation of whatsoever kind, * * * nor for any loss or damage caused by heat, * * * nor for any loss or damage arising from the nature of the goods, * * * nor for any loss or damage caused by the prolongation of the voyage, * * * nor for any loss or damage occasioned by causes beyond his control."

Because of the foregoing statement in libelant's brief, the proof upon the question of when the freezing occurred, which is well summarized in claimant's brief, will not be reviewed. The evidence establishes to the entire satisfaction of the court that the lemons were frozen at Halifax.

The loss occasioned by the lemons shipped at Palermo was the result of a cause excepted in the bill of lading. For such loss the carrier is not responsible, except negligence, of which there is no proof here, be established. The Glenlochy (D. C.) 226 Fed. 971; The Baralong, 172 Fed. 220, 97 C. C. A. 24; The St. Quentin, 162 Fed. 883, 89 C. C. A. 573.

With respect to the lemons shipped at Messina, it appears that the bill of lading issued to cover them excepted "perils of the sea" and "any loss or damage occasioned by causes beyond his [i. e., the carrier's] control." It may be fairly said that, by reason of the ship being driven out of her course and necessarily being forced to make Halifax, an exceptionally cold port, where the lemons were frozen, the damage resulted from perils of the sea and from causes beyond the carrier's control, which could not have been foreseen or avoided, and which resulted in no way from the carrier's negligence.

The libel is dismissed.